# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Senior Judge Christine M. Arguello

Civil Action No. 22-rj-00006-CMA

NATIONWIDE JUDGMENT RECOVERY, INC. as assignee of Matthew E. Orso, in his capacity as successor court-appointment Receiver for Rex Venture Group, LLD, d/b/a ZeekRewards.com for Receiver Kenneth D. Bell,

    Plaintiffs,

v.

JAMES K. LARSON, a member of the Defendant Class of Net Winners in ZeckRewards.com,
TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust,
TRUDY GILMOND,
TRUDY GILMOND, LLC,
JERRY NAPIER,
DARREN MILLER,
RHONDA GATES,
DAVID SORRELLS,
INNOVATION MARKETING, LLC,
AARON ANDREWS,
SHARA ANDREWS,
GLOBAL INTERNET FORMULA, INC.,
T. LEMONT SILVER,
KAREN SILVER,
MICHAEL VAN LEEUWEN,
DURANT BROCKETT,
DAVID KETTNER,
MARY KETTNER,
P.A.W.S. CAPITAL MANAGEMENT LLC
LORI JEAN WEBER, and
Defendant Class of Net Winners in ZEEKREWARDS.COM,

    Defendants.

---

### ORDER DENYING MOTION TO VACATE JUDGMENT

---

This matter is before the Court on Defendant Net Winner Class Member James K. Larson's *pro se* "Motion For/To: Order to Vacate Judgment." (Doc. # 6.) For the following reasons, the motion is denied.

### I.     BACKGROUND

This "clawback" litigation was initiated by the Receiver of Rex Venture Group, LLC ("RVG") in the United States District Court for the Western District of North Carolina ("W.D.N.C."). *Bell v. Disner*, No. 3:14cv91, 2014 WL 6978690, at *1 (W.D.N.C. Dec. 9, 2014). RVG had previously engaged in a combined Ponzi and pyramid scheme through ZeekRewards ("Zeek") resulting in over 700,000 participants losing over $700 million. *Id*. Net winners of the scheme were unlawfully awarded over $283 million. *Id*. at *2.

On August 17, 2012, RVG consented to entry of judgment in favor of the Securities and Exchange Commission. *Id.* A Receiver was appointed for RVG and instructed to "institute actions and legal proceedings seeking the avoidance of fraudulent transfers, disgorgement of profits, imposition of constructive trusts and any other legal and equitable relief that the Receiver deems necessary and appropriate to preserve and recover RVG's assets for the benefit of the Receivership Estate." *Id*. at *1. Zeek's net winners are not permitted to keep their winnings because they were the result of an unlawful scheme. *Id*. at *2. Thus, RVG's Receiver initiated a "clawback" action on February 28, 2014, "asserting claims of relief against Defendants for: (1)

Fraudulent Transfer of RVG Funds in Violation of the North Carolina Uniform Fraudulent Transfer Act; (2) Common Law Fraudulent Transfer; and (3) Constructive Trust." *Id*.

On February 10, 2015, the W.D.N.C. certified a Defendant class comprised of "all persons or entities who were Net Winners of more than one thousand dollars in ZeekRewards." *Bell v. Disner*, No. 3:14cv91, 2015 WL 540552, at *1 (W.D.N.C. Feb. 10, 2015). After the class was certified, the W.D.N.C. "entered a Process Order designed to (1) provide Net Winners with notice that they were members of the Net Winner class; and (2) to provide Net Winners with the opportunity to contest the amount of their winnings." (Doc. # 9 at 19-20); *see also Bell v. Disner*, No. 3:14cv91, 2017 WL 392185, at *2 (W.D.N.C. Jan. 27, 2017). The Process Order required the Receiver to effect notice to class members by three means: (1) "by email to the email address provided by the net winner in connection with any [Zeek] account . . . as well as any other email address that has been provided by the net winner following the appointment of the Receiver"; (2) by letter to the last known physical address of the Net Winner; and (3) by posting a link to the Receivership website. *Bell v. Disner*, No. 3:14cv91, 2017 WL 392185, at *2 (W.D.N.C. Jan. 27, 2017).

Defendant Larson was identified as a class member and the W.D.N.C. entered final judgment against him in the amount of $7,331.14 on August 14, 2017. (Doc. # 1 at 2-4.) On October 28, 2020, that judgment was registered in this Court. (Doc. # 1.) Mr. Larson now seeks to have that judgment vacated, arguing he was not properly served with notice of the action against him. (Doc. # 6.) The assignee of the successor court-appointed Receiver to the Final Judgments entered against the class of Net Winners,

Plaintiff National Judgment Recovery, Inc., responded to Mr. Larson's motion. (Doc. # 9.) Mr. Larson did not file a Reply.

## II.    **LEGAL STANDARD**

Because Defendant is proceeding *pro se*, the Court "review[s their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

Mr. Larson's motion does not cite an authority justifying the relief he seeks, but because he claims he was never properly served, the Court will consider his motion under Fed. R. Civ. P. 60(b)(4). (Doc. # 6.)

Federal Rule of Civil Procedure 60(b)(4) provides that a court "may relieve a party or its legal representative from a final judgment . . . [if] the judgment is void." Further, the Tenth Circuit has held that "[w]here Rule 60(b)(4) is properly invoked, 'relief is not a discretionary matter; it is mandatory.'" *Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)); *see also Glob. Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013) ("Rule 60(b)(4) is 'unique' because 'relief is not

4

discretionary and a meritorious defense is not necessary.'" (quoting *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980))).

Relevant here, a judgment in a civil case "is void if there is no personal jurisdiction over the defendant." *Hukill*, 542 F.3d at 797 (citation omitted). Importantly, "service of process provides the mechanism by which a court . . . asserts jurisdiction over the person of the party served." *Id*. (citation and alteration omitted). Therefore, "a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *Chettri v. Nepal Bangladesh Bank, Ltd.*, No. 10 CIV. 8470 PGG, 2014 WL 4354668, at *5 (S.D.N.Y. Sept. 2, 2014) (citation omitted), *aff'd sub nom. Chettri v. Nepal Rastra Bank*, 834 F.3d 50 (2d Cir. 2016).

However, in a defendant class action, neither personal service nor actual notice to members of the defendant class is required. *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001) ("the standard governing" due process in a defendant class action "is not actual notice to each party intended to be bound by the adjudication of a representative action.") Instead, the court in a defendant class action must ensure that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950)).

### III. ANALYSIS

Mr. Larson has not presented a basis for vacatur. In the instant case, the W.D.N.C.'s Process Order required the Receiver to effect notice to class members in

three ways: by email, by mail, and by notice on the receivership website. *Bell v. Disner*, No. 3:14cv91, 2017 WL 392185, at *2 (W.D.N.C. Jan. 27, 2017). The United States Court of Appeals for the Fourth Circuit determined these procedures satisfied due process and "provided a process by which damages could be individually challenged and litigated." *Bell v. Brockett*, 922 F.3d 502, 514 n.8 (4th Cir. 2019). Mr. Larson has not disputed that the Receiver complied with the Process Order. Thus, the Receiver met its obligation to provide notice that was "reasonably calculated, under all the circumstances," to apprise Mr. Larson of the proceedings and an opportunity to present evidence concerning the claims he now seeks to make. *Integra*, 262 F.3d at 1110. Therefore, Mr. Larson is bound by the Judgment.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Net Winners Class Member James K. Larson's "Motion For/To: Order to Vacate Judgment" (Doc. # 6) is DENIED.

DATED:  November 30, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge